**RECORD NUMBER: 13-4223**

# United States Court of Appeals
## for the
# Fourth Circuit

---

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**OSCAR BAPTISTE,**

*Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA AT CHARLESTON**

# OPENING BRIEF OF APPELLANT

**JAMES A. BROWN, JR.**
**LAW OFFICES OF JIM BROWN, P.A.**
1600 Burnside Street, Suite 100
P.O. Box 592
Beaufort, SC 22901
(843) 470-0003

*Counsel for Appellant*

COUNSEL PRESS • VA – (800) 275-0668

# TABLE OF CONTENTS

Jurisdiction .................................................................................................. 1

Statement of Issue on Appeal ..................................................................... 1

Statement of the Case.................................................................................. 1

Statement of Facts ....................................................................................... 3

Argument...................................................................................................... 5

    Oscar Baptiste contends that the trial court erred by declining his request for an entrapment instruction to the jury; however, a review of the record reveals no error requiring the reversal of Mr. Baptiste's convictions or sentences

    Summary of Argument ......................................................................... 5

    Standard of Review.............................................................................. 5

    Discussion ............................................................................................. 5

Conclusion ................................................................................................. 10

Certificate of Compliance

Certificate of Service

# **TABLE OF AUTHORITIES**

**Cases:**

Anders v. California, 386 U.S. 738 (1967) .............................................. 1, 10

Jacobson v US, 503 US 540 (1992) ............................................................... 7

US v Hsu, 364 F3d 192 (4th Cir. 2004) .................................................. 5, 6, 7

US v Jones, 976 F2d 176 (4th Cir. 1992) ....................................................... 7

US v Phan, 121 F3d 149 (4th Cir. 1997) ........................................................ 5

**Rules, Statutes and Other Authorities:**

18 USC § 2 ...................................................................................................... 1

18 USC § 3742 ............................................................................................... 1

21 USC § 952 ................................................................................................. 1

21 USC § 960(b)(2)(B)(ii) ............................................................................. 1

28 USC § 1291 ............................................................................................... 1

## JURISDICTION

This appeal is from the final judgment in a criminal case filed on March 19, 2013. Jurisdiction in the district court was based upon 18 USC § 2 as well as 21 USC § 952 & 960(b)(2)(B)(ii). Appellate jurisdiction is based on 18 USC 3742 and 28 USC § 1291.

## STATEMENT OF ISSUE ON APPEAL

**Did the trial court err in precluding Appellant's entrapment defense?**

## STATEMENT OF THE CASE

Mr. Baptiste was arrested on July 28, 2011 in East Harford, Connecticut. PSR, p 1. This arrest was based upon a complaint and affidavit filed on July 13, 2011. Docket, p 3. On August 9, 2011, a one count indictment was filed in the US District Court for the District of South Carolina. Docket, p 3. This initial indictment charged with Mr. Baptiste with the importation of more than 500 grams of cocaine from the country of Panama. Indictment. His initial appearance in the District of South Carolina occurred in the Charleston Division on September 12, 2011. Docket, p. 3.

Mr. Baptiste was ordered detained pending trial. PSR, p 1. Initially, Mr. Baptiste was represented by the federal public defender. Docket, p 4. However, he was later appointed counsel pursuant to the CJA plan for the district. Docket, p

1

5. Later, this second counsel was relieved and a third attorney was appointed. Docket, p 6.

On August 15, 2012, a superceding indictment was filed. Docket, p 8. This indictment reworded the allegations to include that the importation from outside of the country occurred in the District of South Carolina. This indictment also added reference to 18 USC § 2.

Mr. Baptiste argued a series of pre-trial motions at a hearing convened on October 18, 2012. The court's rulings regarding these motions are contained in a written order, filed on October 19, 2012. While granting some motions, the court denied all dispositive motions.

The jury trial began on October 22, 2012. The trial lasted two days. On October 23, 2012, the jury returned a verdict of guilty as charged.

A pre-sentence report (PSR) was compiled. The Appellant asserted objections in the form of two separate letters. Letters from Defendant's Trial Counsel Dated January 21, 2013 and February 12, 2013. These letters identified 10 and 24 different objections, respectively. The government filed no objections. After consideration and response to the objections, the final PSR resulted in a projected sentencing range of 235 months to 293 months of incarceration based upon a criminal history of I and a total offense level of 38. PSR, Revised March 4,

2013.

At the sentencing conducted on March 15, 2013, the Court considered the objections raised by the Appellant. The Court granted the objections related to the drug weight, reducing the relevant conduct from 150 kilograms of cocaine down to 4 kilograms of cocaine, but overruled the rest of the objections. Transcript p 36, l. 10- p. 38, l. 6 & p. 47-l. 22-25. These rulings modified the guideline range to 97-121 months based upon a total offense level and criminal history I from which the trial court imposed a sentence of 108 months of incarceration followed by supervised release as controlled by statute. Sentencing Transcript p. 64, l. 17-24.

A notice of appeal was filed on March 18, 2013. The undersigned counsel was appointed on April 8, 2013. This brief follows.

Having reviewed the record of this case, researched the issue raised by Oscar Baptiste and found it to have no merit, this brief is submitted pursuant to Anders v. California, 386 U.S. 738 (1967).

## STATEMENT OF FACTS

According to the defendant's presentation of its defense through argument and witness examination, during the summer of 2010, conversations were had between the Appellant and a government informant (Mr. D.). Transcript p. 19, l.

3

9- p. 21, l. 2. Pertinent to this appeal, a plan was discussed in which cocaine would be imported from Panama to the US through shipping containers. Transcript p. 22, l. 10- p. 23, l. 13. This plan required the involvement of dock workers at both the port in Panama and the port in Charleston, South Carolina. Transcript p. 21, l. 18-22.

Various government witnesses testified that in March, 2011, the Appellant provided a container number from which to retrieve the imported drugs. Transcript p. 55, l. 2- p. 58, l. 17.; p. 235 1.3 - 242 1.19. These same witnesses indicated that one kilogram of cocaine was retrieved when that container was opened. These witnesses also testified that the serial number on the latch, or security lock, on the container did not match the numbers on the ship's manifest. Transcript p. 59, l. 4-15.

Both ICE Agent David Moody and Mr. D. testified that communications related to this plan occurred by both telephone and email. Defense counsel, in argument, strenuously denied Appellant's involvement in the incriminating aspects of these communications; instead arguing the discussions between Appellant and Mr. D only involved the topic of auto parts. The defense called ICE Agent Moody as the only witness in defense and the Appellant did not offer testimony.

4

# ARGUMENT

**Oscar Baptiste contends that the trial court erred by declining his request for an entrapment instruction to the jury; however, a review of the record reveals no error requiring the reversal of Mr. Baptiste's convictions or sentences.**

### Summary of Argument

Oscar Baptiste contends that the trial court committed error when it declined his request for a jury instruction regarding the affirmative defense of entrapment.

### Standard of Review

An appellate court reviews the denial of a request for an entrapment instruction *de novo*. US v Hsu, 364 F3d 192, at 198 (4th Cir. 2004)(citing US v Phan, 121 F3d 149, at 154 (4th Cir. 1997).

### Discussion

Mr. Baptiste contends that the trial court erred in declining his request for a jury instruction regarding the affirmative defense of entrapment; however, counsel has reviewed the record and finds no error regarding the Court's determination in this regard.

In the Fourth Circuit, the defense of entrapment is an affirmative defense. This defense is composed of two related elements. These elements are 1) the government inducement of the defendant to commit a crime and 2) a lack of

5

predisposition on the part of the defendant to engage in criminal conduct. US v Hsu, 364 F3d 192, 198 (4th Cir. 2004).

The defendant bears the burden of production regarding this affirmative defense. Hsu at 198. To meet this burden, a defendant must present more than a scintilla of evidence in this regard. Id. However, it is unresolved in the Fourth Circuit whether a defendant must produce evidence of both elements of this defense or whether production of evidence supporting the first element of inducement then shifts the burden of proof to the government to demonstrate by proof beyond a reasonable doubt as to a defendant's predisposition to commit a crime. Hsu, at 200, note 4.

The element of government inducement is a term of art. This term necessitates a showing over government solicitation. Further, this solicitation must be such that it "...implants a criminal design in the mind of an otherwise innocent party." Hsu.

In Hsu, the Fourth Circuit rejected the contention that a showing of "solicitation plus unreadiness" meets a defendant's burden of production regarding the inducement element. Id, at 200. The Hsu court noted that such a low threshold ignores the requirement that the solicitation must be such that an otherwise innocent person is persuaded to commit a crime." Id. Instead, a

6

defendant must show "solicitation *plus* some overreaching or improper conduct on the part of the government." Hsu, at 200 (emphasis in original).

The opinion in Hsu defines overreaching as "excessive pressure by the government upon the defendant or the government's taking advantage of an alternative, non-criminal type of motive." Hsu, at 201 (internal citation omitted). Examples of overreaching include evidence of threats to a defendant or his family. Id. Also, evidence of government conduct which plays on the weakness of the defendant or engenders the defendant's sympathy towards the government agent may satisfy a defendant's burden of production. Id.

As to the second element of predisposition, the government bears the burden to proof "beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." US v Jones, 976 F2d 176, at 179 (4th Cir. 1992)(quoting Jacobson v US, 503 US 540, at 548-549 (1992). Such a showing may be demonstrated by evidence of the defendant's "ready response to the inducement offered." Jones, at 179 (generally citing Jacobson). The question regarding predisposition is ultimately a question of whether the defendant's decision to commit a crime, following inducement, "is the product of his own preference and not the product of government persuasion." Jones, at 180 (internal citations omitted).

7

In the case at bar, Appellant's trial counsel informed the jury that the Appellant "...was coerced, was pressured into taking part in these illegal acts by a government snitch." Transcript p 19, l. 23-25. He continued in his opening to state that the jury "...will need to consider whether [Appellant] would have been involved in this scheme, but for the pressure and the coercion of both the Government and the Government agents and this Government informant." Transcript p 23, l. 4-8. Trial counsel concluded his opening by suggesting "...the evidence is going to ultimately show that [Appellant] was set up byt the Government, by the Government information need to save his own skin, and he was induced into helping him with this scheme..." Transcript p 23, l 9-13.

Consistent with this defense, both ICE Agent Moody and the confidential informant, Mr. D., testified to the longstanding relationship of Mr. D as a government informant. Originally, Mr. D worked as an informant with the state prosecutor's Drug Enforcement Unit (DEU) in the Myrtle Beach, South Carolina geographic area. During the year 2007, Mr. D assisted the DEU in exchange for leniency towards his sister in her prosecution for smuggling heroin from Panama.

Closer to the 2010-2011 time frame at issue in this case, the breadth of Mr. D's assistance expanded. According to testimony from ICE Agent Jerome Cooper,

8

Cooper had been "with Agent Moody when he has been working with him [the informant] on other cases." Transcript, p 241, l. 10-11. It is clear from this context that ICE Agent Cooper admits the informant's worked with ICE before any investigation into Appellant's actions occurred. Transcript p 236, l. 6-13 & p 240, l. 25- p 241, l. 11.

However, the record does not contain any evidence of any government pressure, or coercion of the Appellant to induce him to commit a criminal act. In fact, all of the testimony suggests that no solicitation occurred but instead that the Appellant was the one who first suggested the idea to import cocaine from Panama into the Port of Charleston, Charleston, South Carolina. Mr. D., the information, testified that the Appellant was the one who suggested the plan. Transcript, p 200, l. 1-23 & p. 206, l. 13-18.

The trial court's ruling was based upon the absence of the production of any evidence of an inducement. The trial court specifically found that: "He [the informant] says he was contacted by the defendant, and it was the defendant's idea." Transcript p. 321, l. 25- p 322, l. 1. After breaking to review his notes, the trial court reaffirmed this factual finding noting that: "I don't find sufficient evidence, even a scintilla of evidence, that the Government induced the defendant to commit the charged offense." Transcript, p. 326, l. 14-16.

9

Finally, the trial court applied the correct law to these facts. He cited the case of US v. Sligh for his ruling. Transcript, p. 326, l. 6-10. He also noted that "...the initial burden to produce more than a scintilla of evidence that the Government induced [the Appellant] to commit the charged offense." Transcript, p. 326, l. 6-10.

Therefore, although Appellant Baptiste complains that the trial court improperly declined to charge entrapment, the court's ruling is correct.

## CONCLUSION

Thus, in accordance with the requirements of <u>Anders v. California</u>, 386 U.S. 738 (1967), appointed counsel has reviewed the facts and legal issues of this case. It is counsel's opinion that there are no legal issues that were not properly raised to or disposed of by the district court, and there are no grounds for an appeal in this case. A copy of this brief has been served on Appellant Baptiste.

                Respectfully Submitted,


                By:   /s/ James A. Brown, Jr._____
                       James A. Brown, Jr.
                       Law Offices of Jim Brown, P.A.
                       1600 Burnside Street, Suite 100
                       P.O. Box 592
                       Beaufort, SC 29901-0592
                       Federal ID Number: 7646
                       (843) 470-0003

September 20, 2013            Counsel for the Appellant
Beaufort, South Carolina       Oscar Baptiste

                                     11

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-4223    Caption: US v. Baptiste

**CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)**
Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

*[Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines; Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines; any Reply or Amicus Brief may not exceed 7,000 words or 650 lines; line count may be used only with monospaced type]*

- [✓] this brief contains __2,224__ [*state the number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

- [ ] this brief uses a monospaced typeface and contains _____ [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

*[14-point font must be used with proportional typeface, such as Times New Roman or CG Times; 12-point font must be used with monospaced typeface, such as Courier or Courier New]*

- [✓] this brief has been prepared in a proportionally spaced typeface using __WordPerfect X5__ [*state name and version of word processing program*] in __Times New Roman, 14 point__ [*state font size and name of the type style*]; *or*

- [ ] this brief has been prepared in a monospaced typeface using _____ [*state name and version of word processing program*] with _____ [*state number of characters per inch and name of type style*].

(s) James A. Brown, Jr.

Attorney for Oscar Baptiste, Appellant

Dated: 9/20/13

Rev. 03/03/11

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Robert Nicholas Bianchi
OFFICE OF THE UNITED STATES ATTORNEY
151 Meeting Street
P. O. Box 978
Charleston, SC 29402-0000
843-727-4381
Nick.Bianchi@usdoj.gov

*/s/ Catherine B. Simpson*
Counsel Press LLC
1011 East Main Street
Suite LL-50
Richmond, Virginia 23219
(804) 648-3664

Filing and service were performed by direction of counsel